(June 16, 1926.)

MAUDE DINGLER, Respondent, v. NOAH RITZIUS and SADIE RITZIUS, Appellants.

[247 Pac. 10.]

CONTRACTS—ADEQUACY OF CONSIDERATION FOR CONTRACT TO CARE FOR PERSON UNTIL DEATH—QUIETING TITLE.

1. In contract to care for person until death, subsequent events cannot enter into fairness of contract or adequacy of consideration, since there is an element of uncertainty, and adequacy of consideration and fairness must be viewed from standpoint of time of its making.

2. Contract to care for person until death must be viewed as a whole, and cannot be segregated and inquiry made as to amount of money actually paid.

3. In absence of evidence or finding that consideration for contract by heirs to convey property of ancestor on her death, in return for caring for ancestor, was so inadequate that fraud would be presumed, decree quieting title thereto in one of heirs cannot be sustained, where court found there was such agreement.

Publisher's Note.

1. Time from which adequacy of consideration must be viewed, see notes in 128 Am. St. 413; 12 Ann. Cas. 123. See, also, 25 R. C. L. 210.

2. See 6 R. C. L. 837.

3. See 6 R. C. L. 678.

See Assignments, 5 C. J., sec. 25, p. 858, n. 75; p. 859, n. 76, 78, 79, 83, 87.

Contracts, 13 C. J., sec. 239, p. 366, n. 75; sec. 525, p. 561, n. 51.

Quieting Title, 32 Cyc., p. 1374, n. 29.

Wills, 40 Cyc., p. 1065, n. 73,

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Suit to quiet title. Judgment for plaintiff. *Reversed.*

George Donart, for Appellants.

A contract by an heir to convey an expectancy is enforceable in equity when fairly made and based upon a valuable consideration. (*Donough v. Garland,* 269 Ill. 565, Ann. Cas. 1916E, 1238, 109 N. E. 1015; *Edler v. Frazier,* 174 Iowa, 46, 156 N. W. 182; *In re Fritz,* 160 Pa. 156, 28 Atl. 642; *O'Rorke v. Bowlinbroke,* 2 App. Cas. (Eng.) 814; *Trull v. Eastman,* 3 Metc. (Mass.) 121, 37 Am. Dec. 126; *Curtis v. Curtis,* 40 Me. 24, 63 Am. Dec. 651.)

Harris, Stinson & Harris, for Respondent.

A mere possibility such as the expectancy of an heir apparent, is not to be deemed an interest of any kind. (C. S., sec. 5334.)

A mere possibility not coupled with an interest cannot be transferred. (C. S., sec. 5365.)

In equity a contract by an heir to convey or assign an expectancy is invalid unless fairly made and for an adequate consideration. (*In re Wickersham's Estate,* 138 Cal. 355, 70 Pac. 1076, 71 Pac. 437.)

The assignment must be founded upon a valuable, not merely a good, consideration. (*Bayler v. Commonwealth,* 40 Pa. 37, 80 Am. Dec. 551; *In re Lennig,* 182 Pa. 485, 61 Am. St. 725, 38 Atl. 466, 38 L. R. A. 378.)

A court of equity will enforce the contract of an heir assigning an expectancy only to the extent it is fair, just and reasonable. (*Bridge v. Kedon,* 163 Cal. 493, 126 Pac. 149, 43 L. R. A., N. S., 404.)

GIVENS, J.—Respondent brought this action to quiet her title to a house and lot in Weiser, basing her claim upon a decree of distribution of the probate court in her favor as

the only heir at law of Rebecca Gross, who died intestate. The appellants by cross-complaint pleaded that respondent and her mother, Ella Abernathy, granddaughter and daughter, respectively, of Rebecca Gross, contracted and agreed orally with Sadie Ritzius to convey the property in question, then belonging to Rebecca Gross, to said Sadie Ritzius upon the death of said Rebecca Gross in consideration that Sadie Ritzius would care for Ella Abernathy for the remainder of her life. The respondent denied this oral agreement and alleged that the proceeds of a life insurance policy carried by Ella Abernathy was to be the only consideration for such services.

Appellants cared for said Ella Abernathy up to the time of her death which occurred about one month after the contract was entered into, and received $344.65 out of the proceeds of the insurance policy and certain furniture. Thereafter appellants claimed and lived in the property. The court found that the agreement as alleged by appellants had been made but that there was no consideration for the transfer of the real property and entered a decree quieting title in respondent.

"Possibilities or expectancies, although not coupled with a present interest, are assignable in equity for a valuable consideration; and equity will enforce the assignment when the possibility or expectancy has changed into a vested interest or possession." (*Casady v. Scott*, 40 Ida. 137, 237 Pac. 415.)

"In the United States the general rule is that an expectant heir may, in the lifetime of his ancestor, sell, assign, or release his expectant interest in the estate of the latter, whatever it may turn out to be on his death, and a court of equity will enforce the contract if it is shown to have been made in good faith and for a valuable consideration. It is not essential that such assignment be made to one already having some interest or possibility of interest in the property, although that fact has been given weight in upholding the transaction. Such assignments operate as a contract to convey the property or estate when it comes into

possession, which equity will enforce by treating the assignor as trustee of the legal title for the benefit of the assignee or by decreeing a specific performance, or it may operate as an estoppel preventing the assignor from setting up the after-acquired title. Assignments of this character are not favored by the courts, and will be upheld and enforced only when free from circumstances of fraud and oppression, and when supported by a good consideration. In a few cases inadequacy of consideration has been deemed sufficient ground to justify a cancelation of the conveyance or a refusal to enforce it, and such. is the rule in England. But generally mere inadequacy of consideration is regarded only as evidence of fraud, and if, upon consideration of all the facts, the dealing appears to have been honest, it will be sustained.'' (5. C. J., sec. 25, p. 858, 6 Cal. Juris, p. 189; 6 R. C. L. 679.)

[1] The agreement herein was entered into at the solicitation of respondent and when entered into, just how long Ella Abernathy would live, whether for a period of weeks or years was unknown, and it is not shown that in this regard either party had any more definite information than the other. The consideration for the agreement at that time could only be ascertained in the future. Subsequent events—as the early death of the mother—cannot enter into the fairness of the contract or the adequacy of the consideration in this class of contracts as there is an element of uncertainty, or an uncertain time for the continuance of the performance, and the adequacy of the consideration and the fairness of the contract must be viewed from the standpoint of the time of its making. (6 Cal. Jur., p. 190; Pomeroy's Specific Performance, p. 507.) This indefiniteness was inherent in the contract and equally within the contemplation of both parties. The eventual death of the ancestor would not change the condition of the parties so as to affect the question of the adequacy of the consideration which should be determined as of the date the contract was entered into, since Mrs. Ritzius had fully performed her

618               DINGLER *v.* RITZIUS.           [42 Idaho,

part, and there is nothing to show that Mrs. Abernathy did not die as the natural result of the affliction from which she was suffering at the time the contract was made. (Note, *Berg v. Moreau,* 199 Mo. 416, 97 S. W. 901, 9 L. R. A., N. S., 157.)

[2] The contract must be viewed as a whole, and could not be segregated and an inquiry made as to the amount of money actually paid for the services, and leave for inquiry and determination that there was no consideration for the conveyance of the real property. A new contract could not be made for the parties in view of the subsequent early demise of Mrs. Abernathy.

[3] There was not the slightest intimation of fraud, duress, or incompetency either in the allegations or proof, respondent merely denying that such an agreement had been entered into and the court on this phase found adversely to her. The court did not find that the consideration for the transfer of the property was grossly inadequate but found as follows:

"9. That said sums of money and property so received by said defendant Sadie Ritzius constituted an ample consideration and fair remuneration for all the services so rendered by her pursuant to said agreement with the said plaintiff, and that there was rendered no adequate consideration or consideration at all by the said defendant Sadie Ritzius unto the said plaintiff for the transfer and sale of the real property herein described.

"10. That said contract was unfair in its terms and conditions and provided for the payment to the defendant of a greater sum in property and money than the services rendered by the defendant under the circumstances of this case were reasonably worth."

There is no showing or finding as to the reasonable value of the services rendered or what the property to be conveyed was reasonably worth. Without such evidence it cannot be determined that the value of the property turned over was so greatly in excess of the value of the services in caring

for Mrs. Abernathy as to raise a presumption that the agreement was entered into fraudulently and thus uphold the decree in favor of respondent.

"Mere inadequacy of consideration, unless it is so gross as to shock the conscience and amount in itself to conclusive evidence of fraud, is not of itself a ground on which a court of equity will refuse to decree specific performance of a contract or rescind it for fraud or undue influence." (13 C. J., sec. 239, p. 366.)

There is no pleading or proof of undue influence or coercion. If it was the opinion of the trial court that the consideration was so inadequate that fraud must be presumed, such situation is not disclosed by the evidence nor found by the findings and therefore the decree cannot be sustained.

The case is therefore reversed and remanded with instructions to proceed in accordance herewith. Costs awarded to appellants.

William A. Lee, C. J., and Budge and Taylor, JJ., concur.